MANN, Judge.
The late John Reid Topping had a talent for spending which topped his ancestors’ capacity to accumulate. When his mother died in 1947 she left a trust fund of which he and Bankers Trust Company were co-trustees, with the proviso that in case of disagreement Topping’s voice was decisive. There was no right to anything but income, however, the principal to be distributed at his death to his children. Following domestic difficulties Topping and his wife separated, whereupon Topping assigned his interest irrevocably to her. To provide a home for her it was arranged that the trust would purchase all of the shares in Maricopa Corporation, formed for the purpose of buying a lot and building a home to be leased to Mrs. Topping. Appellant bank was to be escrow agent, and its vice president signed an agreement setting forth the manner in which $55,000 of the trust’s money was to be disbursed and requiring signature of A. T. Cooper, as well as Topping’s.
Topping presented a signature card purporting to authorize the bank to honor checks drawn on Maricopa Corporation’s account signed by Topping alone. He then proceeded to spend the money freely, finally withdrawing the balance of the $55,000 in the form of a cashier’s check for $15,-000 and several thousand dollars in cash. The cashier’s check was retrieved in time, and considering sums actually expended toward the purpose for which the funds were placed in escrow, resulted in Topping’s applying to his own use $26,077.38, for which the perceptive trial judge entered summary judgment against the bank.
Now the bank says that the escrow agreement was “never finalized,” and that *192 a jury should decide whether the bank acted properly in allowing Topping the use of this money. There is nothing for a jury to decide. Topping’s mother clearly forbade him the use of principal. Topping had clearly assigned the income, so there is no defense on the ground that he would be unjustly enriched by returning these funds to the corporation owned by the trust. The case is a simple one of a bank’s receipt of funds with knowledge of and agreement to the terms of an escrow and the subsequent violation of those terms. It should be remarked that there is no suggestion that the bank’s able counsel were consulted at any stage prior to the bank’s honoring Topping’s checks.
Affirmed.
LILES, Acting C. J., and McNULTY, J., concur.